[Civ. No. 2911.   Fourth Dist.   Nov. 14, 1941.]

SOUTHERN COUNTIES THRIFT COMPANY (a Corporation), Appellant, v. C. W. RAIRDON, Respondent.

Frank T. O'Neill and Brooke Mohun for Appellant.

Forgy, Reinhaus & Forgy, C. E. Sprague and A. M. Bradley for Respondents.

MORTON, J. pro tem.—Plaintiff corporation was operating as an industrial loan company, having been organized

under the statutes of 1917, p. 658, and amendments thereof [Deering's Gen. Laws, 1937, Act 3603]. Defendant C. W. Rairdon was a director of said corporation and a member of the finance committee composed of three directors having authority to pass upon loans. Contrary to the statute and the by-laws of the corporation a number of loans were made to individuals and also to defendant Rairdon, some of which proved to be uncollectable. Plaintiff's amended complaint alleges, in six separate counts, unauthorized and negligent acts on the part of defendants C. W. Rairdon, John Martel, J. G. Sutherland, William Ketler, John Ketler, John Knox, M. Johnson and A. N. Bertelsen, in that loans contrary to law were made with the knowledge, consent and approval of defendants and each of them as the directors of the plaintiff corporation. Judgment was asked against the defendants for the total amount so loaned with interest thereon.

Defendant Rairdon appeared and demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action and that the causes of action were barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

The trial court sustained the demurrer and judgment was subsequently entered in favor of defendant Rairdon.

It appears that on November 1, 1937, all of the defendants retired from the board of directors. The original complaint was filed on April 12, 1940, more than two years later, and also more than two years after the loans involved were made. It would appear that the alleged liability or obligation of the former directors is not based upon an instrument in writing and is not a liability created by statute. Appellant contends that if the loans were made in good faith then only the restriction of the statute made them illegal. Therefore, the liability is one created by statute. Here the defendant directors are charged with negligent mismanagement of the corporation funds in the making of loans. Corporations are creatures of law and their functions are regulated largely by statute, but that does not make their claims or liabilities or their acts those created only by statute.

The court in *Coombes* v. *Getz,* 217 Cal. 320, 333 [18 Pac. (2d) 939], stated:

"The term 'created by law' as used in section 359 of the Code of Civil Procedure has a somewhat restricted meaning.

In one sense every liability giving rise to a cause of action may be said to be a creature of the law. (*Whitten* v. *Dabney,* 171 Cal. 621, 628 [154 Pac. 312].) But in the sense in which the term is used in said code section, it is confined and restricted to a liability which exists by virtue of an express statute, and it does not include nor extend to actions arising under the common law. (*Whitten* v. *Dabney, supra; Brinckerhoff* v. *Bostwick,* 99 N. Y. 185 [1 N. E. 663].)''

In Fletcher's Cyclopedia Corporations, vol. 3, section 1024, p. 421, we find the liability of directors discussed as follows:

''If acts are expressly prohibited by the charter or a statute, but liability for violation thereof is not imposed on corporate officers by the charter or statute, the doing of such an act does not make the officers personally liable merely because the act is a violation of the charter or a statute. So far as liability of directors to the corporation is concerned, it has been said that the liability 'for damages caused by unauthorized acts rests upon the common-law rule which renders every agent liable who violates his authority to the damage of his principal. A statutory prohibition is material under these circumstances merely as indicating an express restriction placed upon the powers delegated to the directors when the corporation was formed.' Moreover, an officer of a corporation is not liable to the corporation for damages merely because he violates a statute, but it must be shown that he was acting as agent of the corporation in so doing.''

While the statute involved in this action prohibited some of the loans made by defendants, no statute places on them the duty of making good to the corporation any losses resulting from those loans. That obligation rests upon the duty imposed on an agent by the common law. It is therefore clear that this alleged liability is'governed by the statute of limitations as set forth in subdivision 1 of section 339 of the Code of Civil Procedure, to wit, a period of two years, and the demurrer of defendant Rairdon was properly sustained.

The judgment is therefore affirmed.

Marks, Acting P. J., and Griffin, J., concurred.

A petition for a rehearing was denied December 11, 1941.