Plaintiff, Dr. Sam Nelken, is a practicing physician in New Orleans. He alleges that on or about February 19, 1945, he purchased a certain camera, lens, shutter, leather carrying case and five cut film holders for a price of $85 from Abe Harrison, doing business in New Orleans under the trade-name of "HarCam Photo Supply Shop." He alleges also that he paid a tax of $2.55 on the said purchase. He avers that the ceiling or maximum price at which the articles might have been sold, according to applicable regulations of the Federal Office of Price Administration, should have been $25. He avers, accordingly, that he was overcharged by the sum of $60 and that under the said regulations, Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), he is entitled to recover from the said Harrison triple damages, that is to say three times the amount of the said overcharge, or $180, together with a reasonable attorney's fee, which he alleges is $50.
A corporation known as HarFilms, Inc., appeared and, as required by the rules of the First City Court of New Orleans, filed exceptions of no cause of action and no right of action and an answer in which it denied all of the allegations of plaintiff's petition.
When the matter was called for trial, counsel for defendant stated to the court that he desired to present evidence showing that the transaction on which this suit is based was between Dr. Nelken, the plaintiff, and a corporation known as HarFilms, Inc., and that no judgment could be rendered against Harrison, individually. Evidence was taken and the judge a quo sustained the exception but granted plaintiff permission to amend the petition so as to make the said corporation a party defendant. This was done and to this amended petition, Abe Harrison filed answer protesting against the allowance of the filing of the amended petition "to join a new party defendant after issue has been joined." He also renewed the exceptions of no cause of action and no right of action, and then answered, denying all of the allegations of the supplemental and amended petition. *Page 26 
The matter went to trial and there was judgment in favor of defendants, dismissing plaintiff's suit.
Plaintiff has appealed.
When the matter was called before us for argument, counsel discussed the question of whether the prescription of one year was applicable and whether under it the suit should not be dismissed. We do not find any plea of prescription in the record but we do find in the transcript, at the opening of the trial, a statement by the court as follows: "All exceptions are overruled plea of prescription referred to merits."
[1] We shall first consider the plea of prescription since, obviously, there must have been one. It is clear that it is based on the theory that the filings of the suit against Abe Harrison, doing business as HarCam Photo Supply Shop, did not have the effect of interrupting prescription which might otherwise have accrued in favor of the corporation, HarFilms, Inc. The evidence on the question of the connection between HarCam Photo Supply Shop, which was the trade-name of Abe Harrison, and HarFilms, Inc., a corporation, makes it clear that there was a very close connection between those two concerns. Harrison and his wife were owners of all but one share of the stock of HarFilms, Inc., and conducted the two businesses together, and the service of citation on Abe Harrison, in our judgment, undoubtedly had the effect of interrupting prescription which would otherwise have run in favor of HarFilms, Inc. See Lunkin v. Triangle Farms,208 La. 538, 23 So.2d 209.
Counsel for plaintiff has vehemently protested that he should have been permitted to proceed against Harrison, individually, and that he should not have been required to amend his petition so as to make the corporation, HarFilms, Inc., a defendant. He says that although a judgment against that corporation would be entirely satisfactory and collectible, he is entitled to a decree upholding his right to proceed with the suit against Harrison.
The evidence makes it clear that it was the corporation which sold the articles to plaintiff and we see no reason, in view of the facts which we have just stated and our ultimate conclusion that there is no liability at all, to go further into the question of whether plaintiff should be permitted to maintain his suit against the individual who was operating the corporation.
The sole question is whether defendant properly determined the price at which the camera and its fittings and accessories might be sold. The regulations set forth by the Office of Price Administration for determining the ceiling price on such a camera, read as follows:
"Sec. 6. How to find the price of the new item. If you are a dealer in used photographic equipment, you find the price of the new item of photographic equipment by using these rules in the order in which they appear. If you are a consumer selling your own equipment to a consumer, you may not use rules 1, 2 or 3 but may only use rules 4, 5 and 6.
"(a) Rule 1. Find the retail selling price in March 1942 for the same article, new, for sale in your own stock.
"(b) Rule 2. If you did not have the same item of photographic equipment, new in your stock, find the manufacturer's retail list price in effect in March 1942 for the same item new.
"(c) Rule 3. If you did not have the same item of photographic equipment new in your stock, and if there is no manufacturer's retail list price for the item, find the retail ceiling price of a similar item, new in your own stock. A used item of photographic equipment is similar to a new item if the used item when new would give fairly equivalent service and would have sold at approximately the same price as the similar article now sells for.
"(d) Rule 4. If you do not have a similar article new in your own stock or if you are a consumer selling your own equipment, find the retail selling price in March 1942 for the same item new in the same shopping area. (Shopping area is the area in which persons in your community shop for new goods of the kind that you are pricing.)
"(e) Rule 5. If the same article new was not for sale in the same shopping area, *Page 27 
find the retail selling price in March 1942 of a similar item new for sale in the same shopping area. The used item of photographic equipment is similar to the new item if the used item when new would give fairly equivalent service and would have sold for approximately the same price as the similar new item now sells for.
"(f) Rule 6. If you cannot find the retail selling price under any of these rules above, apply to your nearest District Office of the Office of Price Administration regarding the determination of your price."
[2] In the first place, plaintiff insists that defendant is not a dealer but is a consumer and, therefore, should have followed rules 4, 5 and 6, and had no right to resort to Rules 1, 2 and 3. On what he bases his contention we are utterly unable to see. There is not one syllable in the record which indicates that defendant is anything other than a dealer. Defendants show that in establishing the price of the camera and accessories it had in stock no identical article to use as a basis and that the available camera which was most similar to the one sold, and which "would give fairly equivalent service" was used for comparison.
Plaintiff placed on the stand two experts, familiar with the valuation and prices of cameras and both stated that they knew of other cameras than the one which defendant had used for comparison and that these others were more nearly similar to the one sold than was the one which had been used for comparison. But both admitted that the cameras which they had in mind were not available at that time.
We note that the applicable rules do not require that the camera used for comparison must be identical. All that the rules require is that the camera used for comparison must be one "which would give fairly equivalent service."
After Dr. Nelken had bought the camera, he made complaint that he had been overcharged and demanded triple charges which were refused. He then presented the matter to the local office of Price Administration and demanded an investigation by that office. This investigation was made and the investigator, a woman, testified that she "was unable to establish that there was any overcharge." She stated that she was not familiar with cameras and that all that she could do was to determine if in fixing the ceiling price, the dealer had followed the proper method. She said, however, that though she was not a camera expert, she "had a written description of the camera * * * and, as far as I could tell, the written description in the price-list seemed to coincide enough so that I deemed one camera similar to the other."
[3] We have considered carefully the evidence submitted by the experts of plaintiff, who it is shown were employed in similar establishments, and we feel that plaintiff has not shown that defendants violated the regulations of the Office of Price Administration in fixing the ceiling price on the articles sold to plaintiff.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.