[Civ. No. 17558. First Dist., Div. One. May 19, 1958.]

THE MOST WORSHIPFUL SONS OF LIGHT GRAND LODGE, ANCIENT FREE AND ACCEPTED MASONS (a Nonprofit Corporation) et al., Respondents, v. SONS OF LIGHT LODGE NUMBER 9 (a Nonprofit Corporation) et al., Appellants.

Sol A. Abrams, Anthony E. O'Brien and Bernheim, Sugarman & Gilbert for Appellants.

Lewis, Field, DeGoff & Stein for Respondents.

BRAY, J.—All defendants appeal from a judgment in favor of plaintiffs. However, it is the appeal of defendant Pride of Richmond Lodge Number 14 Building Corporation[1] which is solely urged.[2]

---

[1] Hereafter referred to as the building corporation.

[2] The judgment requires the other defendants to restore to plaintiffs certain lodge paraphernalia, moneys, and other personal property which the court found had been illegally taken from plaintiffs. As the other defendants have not urged any invalidity of the judgment as to them and as we find from a study of the record that the judgment as to them is well supported, we deem it necessary to discuss only the appeal of the building corporation. For a detailed statement of the background and facts of this case see *Most Worshipful etc. Lodge* v. *Sons etc. Lodge*, 118 Cal.App.2d 78 [257 P.2d 464]. See also *Most Worshipful etc. Lodge* v. *Sons etc. Lodge*, 94 Cal.App.2d 25 [210 P.2d 34]; *Most Worshipful etc. Lodge* v. *Sons etc. Lodge*, 91 Cal.App.2d 582 [205 P.2d 722]; *Most Worshipful etc. Lodge* v. *Sons etc. Lodge*, 140 Cal.App.2d 833 [295 P.2d 912].

QUESTIONS PRESENTED

1. Propriety of court's action in permitting complaint to be amended seven years after its filing, and in overruling demurrer thereto and denying motion to strike the amended complaint.

2. Sufficiency of evidence to support judgment.

3. Is the action barred by statutes of limitation and laches?

4. Did the San Francisco Superior Court have jurisdiction?

RECORD

In *Most Worshipful Lodge* v. *Sons etc. Lodge, supra,* 118 Cal.App.2d at page 80, we said "this case seems to be confusion worse confounded." This is the same case, and the confusion is more so. We there held, among other matters, that the members of Pride of Richmond Lodge Number 74, jurisdiction of the Most Worshipful Sons of Light Grand Lodge, who seceded therefrom and formed a new lodge, Pride of Richmond Number 14, jurisdiction of the Most Worshipful Hiram of Tyre Grand Lodge, had no right to take with them the assets of Lodge Number 74. The original complaint in this action was filed August 14, 1946. March 27, 1947, an amended complaint was filed which for the first time named Lodge Number 14 as a defendant. The case went to trial in 1948. Judgment went for all defendants. We reversed that judgment in 118 Cal.App.2d 78, *supra.* Neither at the time of trial in 1948 nor at the time of our determination of the appeal was defendant building corporation a party to the action. December 3, 1954, plaintiffs again amended their complaint bringing in the building corporation as a defendant and describing the real property, the title to which is the issue on this appeal. The record title to that property follows: November 27, 1944,[3] deed by Dave Amos and wife to five men. January 19, 1945, deed from them to Lodge Number 74. September 27, 1946, deed purporting to convey the property from Lodge Number 74 to Lodge Number 14. December 2, 1946, the building corporation was incorporated. December 31, 1948, deed from Lodge Number 14 to the building corporation.[4]

The trial court found that the building corporation's sole business was to hold the real property for Lodge No. 14, that

---

[3] The dates given are the dates the deeds were recorded.

[4] There were no revenue stamps attached to this deed. October 17, 1949, a deed from Lodge Number 14 to the building corporation was recorded bearing revenue stamps totaling $7.70.

it was and is Lodge Number 14's *alter ego*, that in furtherance of the conspiracy to deprive Lodge Number 74 of its assets defendants unlawfully attempted to transfer to Lodge Number 14 said assets, including the real property, and that the deed purporting to transfer the real property from Lodge Number 74 to Lodge Number 14 and the one from Lodge Number 14 to the building corporation were void. Judgment was entered declaring, among other matters, that said deeds were void, requiring defendants to return to plaintiffs the other assets taken from Lodge Number 74, and requiring defendants to vacate said real property, turn its possession over to Lodge Number 74, and enjoining Lodge Number 14 from using the name Pride of Richmond.

1. *Propriety of Amendment.*

█ A complaint cannot be amended to set up a new cause of action. (See 39 Cal.Jur.2d 364.) █ If the statute of limitations has run against a particular party, a complaint may not be amended to include that party. (See *Thompson v. Palmer Corporation*, 138 Cal.App.2d 387 [291 P.2d 995]; see Code Civ. Proc., § 318, five-year statute of limitations.) █ Seven years had expired from the time of the filing of the original complaint and the first amended complaint and over five years had expired from the date when the building corporation acquired the property before the second amended complaint was filed. Therefore the propriety of filing this amendment depends upon whether a new cause of action was set up and whether the building corporation was strictly a new party. The amended complaint as it stood at the time of the amendment in question alleged among other matters that defendants wrongfully and unlawfully attempted ''to convert and transfer any and all *of the assets* of said Grand lodge and its subordinate lodge, *including* the seal, charter, ritual, *properties* and funds thereof to their own uses and purposes. . . .'' (Emphasis added.) In our opinion in 118 Cal.App.2d 78, *supra*, we said that the seceding members took with them ''. . . and including the real property of Pride of Richmond Lodge No. 74.'' (P. 81.) The prayer asked ''That the plaintiffs be restored to the custody and possession of said property and that their title thereto be confirmed and quieted.'' Thus the complaint dealt with not only the personal property of Lodge Number 74 but also the real property. Therefore, amending to describe by metes and bounds that real property did not constitute the alleging of a new cause of action. Section 455, Code of Civil Procedure, which

provides that in an action for the recovery of real property, it must be described in the complaint with such certainty as to enable an officer, upon execution, to identify it, does not change the situation. While the fact that the property was not fully described might make the complaint subject to demurrer for uncertainty, such fact did not make the cause of action concerning it any different from the one properly describing it. Moreover, if the failure to fully describe the property caused a failure to state a cause of action, a proposition with which we do not agree, the amendment did not state a new cause of action, as it has been held that where the original complaint does not state a cause of action, an amendment stating one is not precluded. (*Klopstock* v. *Superior Court*, 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].)

The situation here is different from that in *Atkinson* v. *Amador & Sacramento Canal Co.*, 53 Cal. 102. There an action was brought for damage to the plaintiff's described lands from the defendant's hydraulic mining operations. After the statute of limitations ran the plaintiff filed an amended complaint to include an additional ranch which had not been included or referred to in the original complaint. The court held that the injury to this ranch constituted a new cause of action which was barred by the statutes of limitation. There is a vast difference between leaving the property out completely and in referring as was done in our case to it as "properties" and "assets."

*Taylor* v. *Newton*, 117 Cal.App.2d 752 [257 P.2d 68], answers in effect defendant's contention that the statute of limitations had run against the building corporation and that hence it could not be brought in to the case by amendment of the complaint. There the plaintiff filed an action against one Newton, the N. H. Development Company, a corporation, and the Newton Company, a partnership, and alleged that the plaintiff had a judgment against Newton that he was unable to collect because Newton had transferred all his assets to the corporation and the partnership to avoid payment of the judgment. The complaint also alleged that both the corporation and the partnership were *alter egos* of Newton. It asked that the fact that the corporation and the partnership were the alter egos of Newton be established and that their assets be subjected to the lien of the plaintiff's judgment. On appeal from a judgment in the plaintiff's favor, one of the points especially urged was that between the making of the transfers complained of and the filing of the suit the statutes

of limitation had run. In upholding the judgment the court said concerning this contention (p. 757): "Appellants seem to assume that the instant action is one to set aside a fraudulent conveyance but, as respondent correctly points out, she is not seeking to set aside any transfer, fraudulent or otherwise, but is merely seeking to have the fictitious identity of appellant corporation disregarded, and hence sections 337, 338 and 343 have no application here as the action is based on a 1948 judgment obtained by plaintiff against appellant Noel Newton, Sr." So in our case, the action as set forth in the amended complaint is to have established the fictitious identity of the corporation and the fact that by reason of fraudulent deeds executed by Lodge Number 14, the building corporation is holding property which actually belongs to plaintiffs.

In *Craig* v. *San Fernando Furniture Co.*, 89 Cal.App. 167 [264 P. 784], it was held that where an action was brought against "San Fernando Furniture Company, a corporation," and one other defendant, the complaint could be amended after the time provided by the statute of limitations to bring in as a party a copartnership doing business under the firm name and style of San Fernando Furniture Company. The court said (p. 171): "Where a group of people are conducting a business under a common name, the law recognizes that group in its entity as a legal entity, and whether the group of persons see fit to avail themselves of the provisions of the law and form a corporation, or whether they see fit to conduct that business under a common name without incorporating, the legal entity still exists and is designated by the common name adopted or used." (See also *Thompson* v. *Palmer Corporation, supra,* 138 Cal.App.2d 387.) While both cases held that where an action is brought against individuals only, a corporation may not be substituted for them as the corporation is a different entity from the individuals, this is not the situation in our case. While neither the Craig nor the Thompson case deals with the *alter ego* theory, the portions of each holding that a copartnership may be substituted for a corporation points up the fact that where, as here, there is reason to disregard the separate entity of the building corporation from Lodge Number 14, no new party was added by the amendment.

The building corporation appears on its face to be a distinctly different entity from any of the defendants. However, it was alleged and subsequently found by the court that it is the *alter ego* of Lodge Number 14. Therefore it was

properly brought in to the action, and as hereafter set forth, the statute limitations did not run against it. Hence, the court properly overruled the demurrer to the amended complaint and denied the motion to strike it from the files.

2. *Evidence.*

█ The evidence fully supports the judgment, both as to the finding that Lodge Number 14 and the building corporation never acquired title to the real property and as to the finding that the latter is the *alter ego* of the former. The evidence shows that the deed purporting to convey the property from Lodge Number 74 to Lodge Number 14 is void and carried no title. Hence the deed from Lodge Number 14 to the building corporation carried no title. The deed from Lodge Number 74 to Lodge Number 14 was signed by one Burgess who represented himself to be a member and master of Lodge Number 74, but sometime prior to the making of the deed he had seceded from that lodge, was no longer a member or master and had no authority to convey the property for the lodge.

The land was donated to the trustees by Amos for community and lodge purposes provided a nice building were built on it. He testified that another condition was that the Grand Lodge and its subordinate lodges were not to have anything to do with it. However, he made no protest when the trustees conveyed it to Lodge Number 74 and his other actions indicate that there was no such condition. The court so found. At the time of the secession, a building had been partially constructed on the property and was sufficiently completed to allow meetings to be held therein. Thirty-five hundred dollars had been spent on the building before the secession. This amount came from Lodge Number 74, Pough, the Grand Master, having loaned $478. Since that time $10,000 has been used. Most of that sum came from a deed of trust to the Bank of America to which the property is still subject. There is also an outstanding deed of trust to certain attorneys who represent the building corporation.

█ The following evidence shows the *alter ego* character of the building corporation: Burgess on seceding from Lodge Number 74 immediately set up a new lodge with the old title "Pride of Richmond Lodge," changing only the number. He organized the building corporation, giving it the same name as the new lodge, "Pride of Richmond Lodge Number 14 Building Corporation." There was testimony that the

sole purpose of the formation of the building corporation was to hold the property for Lodge Number 14. At the prior trial Burgess testified that the property belonged to Lodge Number 14 although at that time it had been deeded to the building corporation. There is no evidence that the building corporation paid Lodge Number 14 any consideration for the property. Apparently to indicate that there was a consideration a second deed bearing revenue stamps from Lodge Number 14 to the building corporation was executed, the first deed bearing no revenue stamps. The lodge paid two installments of taxes on the building after title had been transferred to the building corporation and also paid for the janitorial service. The policy of operating the building was a matter discussed and decided by the lodge. For four or five years the lodge collected rent for the occupancy of the building by others. Thereafter some of the rent went to the lodge and some to the corporation. The membership of the corporation was the membership of Lodge Number 14. Later the corporation took in as members two women and two members of Lodge Number 74 who had not seceded, and who were not consulted as to such membership. The master of Lodge Number 14 determines who shall be president of the building corporation. The fact that the building corporation has a different attorney than Lodge Number 14, has and that there is a slightly different membership in the building corporation from that of the lodge (at most four additional members), does not change the *alter ego* relationship between the two entities.

The evidence fully supports the conclusion that if the building corporation is treated as an entity completely separate and apart from Lodge Number 14 a great fraud would be perpetrated. Lodge Number 74 would be deprived of property which the court has found to be fraudulently taken from it by Lodge Number 14. Applicable here is the following from *Clark* v. *Millsap,* 197 Cal. 765, 781 [242 P. 918] : ''It is a well recognized rule of law that a corporation may be considered a legal entity when used for the accomplishment of a legal purpose. Corporations, however, cannot be used as a cover under which wrongs may be committed and fraud perpetrated. In such a case the court will look through the form of the corporation to ascertain its actual purpose and intent. If the purpose and intent of the corporation are bad, its corporate entity will be no cover for wrong, fraud, and bad faith.'' (See also *Wiseman* v. *Sierra*

*Highland Min. Co.,* 17 Cal.2d 690, 698 [111 P.2d 646] ; *Erkenbrecher* v. *Grant,* 187 Cal. 7, 11 [200 P. 641].)

In *Shafford* v. *Otto Sales Co., Inc.,* 149 Cal.App.2d 428 [308 P.2d 428], we gave the tests for the application of the *alter ego* doctrine as: '' (1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow.'' (P. 432.) Both of those tests are met in this case. The unity of interest and ownership of the building corporation by Lodge Number 14 is such that there is no separate personality of the corporation from the lodge. Secondly, if the acts of the corporation are treated as those of the corporation alone, an inequitable result would necessarily follow.

Defendant contends that the original deed executed by Amos to the five men was given to them as trustees under certain oral conditions, one of which was that Lodge Number 74 was to have nothing to do with the property. His prior testimony, his actions and those of all concerned belie his later testimony to that effect. At most this made a conflict in the evidence which the trial court resolved against Amos' later version.

### 3. *Statute of Limitations and Laches.*

It is apparent from the evidence at the first trial introduced at the later trial that the true title to the real property was in issue at all times. In view of the court's finding that the building corporation was Lodge Number 14's *alter ego,* there could be no laches in plaintiffs' delay in filing the amended complaint, nor could any statute of limitations run.

### 4. *Jurisdiction.*

Defendant contends that the San Francisco Superior Court had no jurisdiction of the action because of section 5, article VI of the Constitution, which provides ''all actions for the recovery of possession of, quieting the title to . . . real estate, shall be commenced in the county in which the real estate . . . is situated.'' It has been held that this section as well as section 392, subdivision 1, Code of Civil Procedure, to the same effect, only applies ''when land or an interest therein is the exclusive subject matter of the action . . .'' (*Weygandt* v. *Larson,* 130 Cal.App. 304, 308 [19 P.2d 852].) ''In construing article VI, section 5 of the Constitution, and

section 392 of. the Code of Civil Procedure, the reviewing courts of California have frequently determined that an action is transitory and that the court of the county where the defendants, or some of them, reside, has jurisdiction to try the cause when the suit for possession of real property, or to quiet title thereto, or to enforce liens thereon, is joined in good faith with another cause involving personal obligations. [Citations.]'' (*Vaughan* v. *Roberts,* 45 Cal.App.2d 246, 253 [113 P.2d 884].) This action was brought to declare a constructive trust based on fraud and for an accounting. The quiet title relief was incidental to the action. In *LeBreton* v. *Superior Court,* 66 Cal. 27 [4 P. 777], it was held that in a proceeding to enforce a trust on both personal and real property the trustee may be sued wherever he may be found. San Francisco Superior Court had jurisdiction.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied June 18, 1958, and appellants' petition for a hearing by the Supreme Court was denied July 16, 1958.