[Civ. No. 28056. Second Dist., Div. Two. Dec. 18, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. ERNEST L. CLAUSON et al., Defendants and Respondents.

[Civ. No. 28057. Second Dist., Div. Two. Dec. 18, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. WENDELL S. MILLER et al., Defendants and Respondents.

[Civ. No. 28058. Second Dist., Div. Two. Dec. 18, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. ROGER C. JOHNSON, Defendant and Respondent.

(Consolidated Cases.)

Stanley Mosk and Thomas C. Lynch, Attorneys General, Dan Kaufmann, Assistant Attorney General, Neal J. Gobar and James A. Schmiesing, Deputy Attorneys General, for Plaintiff and Appellant.

Loeb & Loeb and Jerome L. Goldberg for Defendants and Respondents.

ROTH, P. J.—The three cases before us were separately heard in the trial court. As they present substantially similar facts and issues of law, the appeals from the respective judgments in each respective case have been consolidated in this court.

Each complaint, separately filed in 1963,[1] alleges two causes of action. In the first cause of action, it is alleged that the corporation,[2] engaged in the sale of tangible personal property, incurred a tax liability under the Sales and Use

---

[1]*People* v. *Ternan, Clauson & Co., Inc.*, a corporation, Ernest L. Clauson and Emma S. Clauson, was filed on July 19, 1963; *People* v. *W. S. Miller and Co., Inc.*, W. S. Miller, Wendell S. Miller and Dorothy P. Miller, was filed on March 22, 1963. *People* v. *R. C. Johnson and Co., Inc.*, and Roger C. Johnson, was also filed on March 22, 1963.

[2]In *People* v. *Clauson*, the liability allegedly arose from December 23, 1953 through June 30, 1957. In *People* v. *Miller*, the liability allegedly covered the period of January 27, 1954 through June 30, 1957. The liability in *People* v. *Johnson* allegedly arose from July 2, 1954 through June 30, 1957.

Tax Law, none of which has been paid; and, by amended complaint, that certificates of delinquency pursuant to Revenue and Taxation Code, section 6757, have been filed with the County of Los Angeles. In the second cause of action it is alleged with certain minor factual variations, that the corporations and individuals are one and the same in that the individuals in each case owned substantially all the stock of the specific corporation which they used, and that they formed and used the corporations for the purpose of avoiding debts incurred by them; that they exercised complete and exclusive control over the business of the corporations and owned substantially all the assets in the corporations; that all the acts and obligations of each corporation were continuously from the beginning of incorporation and now are the acts and obligations of the individuals; that each corporation was undercapitalized; that the corporations sold personal property in varying amounts, incurred sales tax liability in varying amounts and did not pay the tax; that each corporation made application to the state for Sales and Use Tax Permit, but no such application was made by the individuals who use the corporate entity as a subterfuge; and that a fraud and injustice will result if the individuals involved in each respective corporation are allowed to avoid the tax liability due.

In each case, the respondents filed a demurrer to the complaint alleging that their personal liability was barred by the statute of limitations set forth in Revenue and Taxation Code, section 6711 and Code of Civil Procedure, sections 338, subd. 4, 343 and 359. In each case the demurrer was sustained without leave to amend. In no case, however, did the trial court specify which statute of limitations was considered applicable.

It is trite to state that for the purpose of these appeals, all the allegations in each respective complaint, as substantially outlined above, must be accepted as facts.

Appellant urges and asserts that these are clear cases in which the corporations were respectively used by the individuals involved as their respective *alter egos,* and that if the doctrine of *alter ego* does apply, this doctrine establishes equal, primary liability on the individual, that such primary liability is not based on a new or different cause of action against the corporation or individual owners, as the case may be, and that therefore the individuals in each case are subjected to the same procedural rules as is the entity which was in each case used as a subterfuge to defraud the state.

Predicated upon this theory of *alter ego,* appellant contends that the only statute of limitations applicable to the facts of these cases is that found in Revenue and Taxation Code, section 6711. This statute in pertinent part provides: ''At any time within three years after any tax or any amount of tax required to be collected becomes due and payable and at any time within three years after the delinquency of any tax . . ., or within three years after the last recording . . . of a certificate under section 6757, the board may bring an action in the courts of this State, . . . to collect the amount delinquent together with penalties and interest.''

Respondents, apparently conceding their *alter ego* identity for purposes of demurrer, contend that the applicable statute of limitations is Code of Civil Procedure, sections 359[3] or 343.[4] The theory upon which respondents rely is that the present suits are merely an attempt to charge the stockholders with a liability of the corporation within the meaning of section 359. In the alternative, they urge that even if Revenue and Taxation Code, section 6711 is applicable, it does not bind the parties herein. This alternate contention is on the theory that since the only notice received from the state *re* hearing delinquency or otherwise, was addressed to the respective corporations, the stockholders in each of these cases received no notice of hearing delinquency or otherwise, and that if section 6711 is made to apply to them, they have been deprived of due process.

It is firmly established in this state that when there is a unity of ownership and interest in a corporate entity, and when giving substance to such an entity which in fact has none works a fraud or injustice on third persons, the separate entity will be disregarded and the individuals operating it will be looked upon as the actual owners. (*Minifie* v. *Rowley,* 187 Cal. 481 [202 P. 673]; *Gordon* v. *Aztec Brewing Co.,* 33 Cal.2d 514 [203 P.2d 522]; *Automotriz etc. De California* v. *Resnick,* 47 Cal.2d 792 [306 P.2d 1, 63 A.L.R.2d 1042].)

The usual application of the doctrine is found in contract and tort cases. However, the application of the doctrine to

---

[3]Section 359 provides: ''This title does not affect actions against directors or stockholders of a corporation, . . . to enforce liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the . . . liability was created.''

[4]Section 343 provides a four year limitation for actions not otherwise covered by the Code of Civil Procedure.

the field of taxation has long been recognized by the federal courts as a necessary concomitant of the privilege of incorporation. (*Eisner* v. *Macomber,* 252 U.S. 189, 213 [40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570]; *Higgins* v. *Smith,* 308 U.S. 473, 477 [60 S.Ct. 355, 84 L.Ed. 406].) These latter cases hold that prevention of the use of the corporate form to circumvent the revenue and tax laws is the question which is uppermost in the mind of the court.

The application of the doctrine of *alter ego* is often phrased in terms of "disregarding the corporate entity." (*Stark* v. *Coker,* 20 Cal.2d 839, 846 [129 P.2d 360]; *Katenkamp* v. *Superior Court,* 16 Cal.2d 696, 700 [108 P.2d 1]; *Shea* v. *Leonis,* 14 Cal.2d 666, 669 [96 P.2d 332].) However, it is clear from an analysis of the cases so holding that the courts do not in fact disregard the corporate entity. To do so would ignore the fact of the corporations' otherwise legal existence. Rather, the courts, in order to avoid an abuse of the corporate privilege, "look through the forms and behind the corporate entities involved to deal with the situation as justice may require." (*Stone* v. *Eacho,* 127 F.2d 284, 288.) As one commentator has euphemistically noted, "If the corporation has not really been functioning as a self-serving business organization should function, but has been acting as a juristic monkey to help pull the stockholders income-chestnuts out of the . . . fire then the court will deal with the stockholder-cat as though it was the corporation-monkey's paw. The results of the interrelated activities will be imputed to the stockholder even though it is admitted that the corporation exists and has acted in its corporate capacity." (*Disregarding the Corporate Entity in Tax Cases,* 22 Taxes 457, 458.)

The effect, therefore, of applying the *alter ego* theory is to treat the *alter ego* and instrumentality as synonymous and not as separate juristic entities in order to avoid inequitable results. (*Aladdin Oil Corp.* v. *Perluss,* 230 Cal. App.2d 603, 614 [41 Cal.Rptr. 239].)

The cases have so held in result, if not in clear language, with the effect that the *alter ego* is treated as procedurally synonymous with the instrumentality.

In *Taylor* v. *Newton,* 117 Cal.App.2d 752 [257 P.2d 68], the plaintiff obtained a judgment against the individual defendant in 1943, renewed the judgment in 1948, and sued the corporate defendant as his *alter ego* in 1950. The corporation raised the defense of the statute of limitations arguing that any cause of action must be predicated on one which arose in

1938 when the corporation was formed and the transfer of assets accomplished. The court held (at page 757) : ''Appellants seem to assume that the instant action is one to set aside a fraudulent conveyance but, as respondent correctly points out, she is not seeking to set aside any transfer, fraudulent or otherwise, but is merely seeking to have the fictitious identity of appellant corporation disregarded, and hence sections 337, 338 and 343 [Code of Civil Procedure] have no application here . . . .'' (Cf. *Nelken* v. *Harrison* (La. App.) 31 So.2d 25, 26.)

In *Most Worshipful Sons* v. *Sons etc. Lodge,* 160 Cal.App.2d 560 [325 P.2d 606], the corporate defendant complained that the plaintiff had been allowed to amend his complaint to name the corporation as a defendant seven years after the original complaint had been filed. The court held that the amendment was correct since it did not name a new party or state a new cause of action, but only named the *alter ego* of the existing defendants.

Likewise, in *Thomson* v. *L. C. Roney & Co.,* 112 Cal.App.2d 420 [246 P.2d 1017], the court held that a judgment may be amended at any time to add an *alter ego* since such amendment does not add to or enlarge the judgment but merely adds the correct name of the judgment debtor.

■ It may therefore be stated as a general rule that where the doctrine of *alter ego* is properly pleaded, the *alter ego* is bound by the procedural rules applicable to the instrumentality when to hold otherwise would allow a perpetration of the very fraud or injustice the doctrine seeks to avoid.

■ In the cases at bench this means that the statute of limitations applicable to the corporations is applicable to the individual owners.

■ Although respondents urge the three-year statute of section 359, in our opinion, that section would not apply even in the absence of Revenue and Taxation Code, section 6711.

A consistent line of decisions have interpreted section 359, as limiting the phrase ''liability created by law'' to those liabilities which exist by virtue of an express statute and not those arising under the common law. (*Coombes* v. *Getz,* 217 Cal. 300, 333 [18 P.2d 939]; *Southern Counties Thrift Co.* v. *Rairdon,* 47 Cal.App.2d 770 [118 P.2d 828]; *Campbell* v. *Clark,* 159 Cal.App.2d 439 [324 P.2d 55].) The liability which the state here seeks to impose does not arise by reason of any statutory obligation on respondents as stockholders *qua* stockholders but will attach, if the allegations of the complaints

are proven, by reason of a judicially created equitable doctrine. The corporations, as separate and existing legal entities, are the taxpayers. The respondents for purposes of justice and the efficient enforcement of the tax laws of this state, are held to the obligations of their instrumentalities.

Respondents' contention that even if Revenue and Taxation Code, section 6711, is applicable, it does not bind them, since in filing the certificates required by section 6757, the state failed to name the individuals as taxpayers, bears the fatal weakness of their prior contentions. Once their true identity as the individuals who used the corporate structures here before us as their *alter egos* is established, the certificates of delinquency filed by the state are sufficient even without an amendment, naming respondents as the delinquent taxpayers to bind them. (*Thomson* v. *L. S. Roney & Co., supra,* 112 Cal.App.2d 420.) Respondents elected to list the corporations and not themselves as the official taxpayers on the State Board of Equalization records. To hold that such listing relieves respondents of their obligations to the state, would nullify the law as it applies to corporate entities which are used as *alter egos.*

The cases cited clearly show that notice to the *alter ego* corporations used by the respective stockholders here involved, was notice to each of them. Failure of said stockholders to respond in their individual capacity was a continuing effort on their part to use a subterfuge corporate entity from which they siphoned all assets as a means of avoiding payment to the state. There was no failure on the part of the state to observe the requirements of due process, the opportunity to be heard was afforded to respondents. Their failure to respond was a voluntary calculated act to ignore the opportunity thus afforded them to appear and submit any rights or defenses any of them might have urged as individuals.

Respondents' remaining contentions, raised for the first time on appeal, are embraced within the reasoning expressed above and do not require further discussion.

The judgments are reversed.

Herndon, J., and Fleming, J., concurred.

The petition of all the respondents for a hearing by the Supreme Court was denied February 10, 1965. Mosk, J., did not participate therein.