**GERLING GLOBAL REINSURANCE CORPORATION OF AMERICA,** Plaintiff–Appellant,

v.

**FREMONT GENERAL CORPORATION; Fremont Compensation, Insurance Group, Inc.; Louis Rampino,** Defendants–Appellees.

No. 07–55198.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2008.

Filed June 24, 2008.

**4**

Sigrid S. Franzblau, Esq., Riker, Danzig, Scherer, Hyland & Perretti, Morristown, NJ, Lawrence A. Tabb, Esq., Musick, Peeler & Garrett, Los Angeles, CA, for Plaintiff–Appellant.

Michael C. Lieb, Esq., Willenken Wilson Loh & Lieb, LLP, Paul A. Richler, Esq., Morgan Lewis & Bockius, LLP, Los Angeles, CA, for Defendants–Appellees.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Gerling Global Reinsurance Corporation of America ("Gerling") appeals the district court's order dismissing a number of Gerling's claims against Fremont General Corporation and Fremont Compensation Insurance Group (collectively "Fremont") and Louis Rampino, and it's grant of summary judgment in favor of Fremont and Rampino on Gerling's remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both motions

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to dismiss and motions for summary judgment. *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595–96 (9th Cir.2004); *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir. 2004). California law controls in this diversity action. *See Burns v. Int'l Ins. Co.,* 929 F.2d 1422, 1424 (9th Cir.1991). The parties are familiar with the facts and procedural history and we do not include them here except as necessary to explain our disposition.

■ The district court properly determined that Gerling's alter ego claims were not timely filed merely because Gerling timely filed an arbitration action against Fremont's alleged subsidiary, Fremont Indemnity Company ("Indemnity"). The cases Gerling cites for the proposition that a timely claim filed against the subsidiary is sufficient to satisfy the statutes of limitation with respect to the alter ego are inapposite; they involve an effort by the plaintiff to name an alter ego as a party to an action that is already pending against the subsidiary or to hold the alter ego liable for a judgment entered against the subsidiary. *See NLRB v. O'Neill,* 965 F.2d 1522, 1528–29 (9th Cir.1992); *Hennessey's Tavern, Inc. v. Am. Air Filter Co., Inc.,* 204 Cal.App.3d 1351, 251 Cal. Rptr. 859, 860 (1988); *Most Worshipful Sons of Light Grand Lodge Ancient Free & Accepted Masons v. Sons of Light Lodge No. 9,* 160 Cal.App.2d 560, 325 P.2d 606, 610 (1958); *Taylor v. Newton,* 117 Cal. App.2d 752, 257 P.2d 68, 71 (1953); *Thomson v. L.C. Roney & Co., Inc.,* 112 Cal. App.2d 420, 246 P.2d 1017, 1020 (1952).[1] In contrast, Gerling filed suit against Fre-

mont and Rampino after it reached a settlement with Indemnity, attempting to prove in the subsequent proceeding that Indemnity's conduct was wrongful and thereby recover the balance of its loss. This is not the type of action to which the alter ego theory applies and the statutes of limitation continued to run after the demand for arbitration on Indemnity was made.

■ The district court properly determined that Gerling was not entitled to equitable tolling of the statutes of limitation on its claims against Fremont and Rampino while in arbitration proceedings with Indemnity. Equitable tolling applies where "an injured person has several legal remedies and, reasonably and in good faith, pursues one." *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81, 84 (1974) (quoting *Myers v. County of Orange,* 6 Cal.App.3d 626, 86 Cal.Rptr. 198, 203 (1970)). Gerling did not have several legal remedies; it had several potential defendants. It is not entitled to equitable tolling where it chose to proceed against some, but not all, of the allegedly responsible parties. Applying equitable tolling in this case would undermine the purpose of the statutes of limitation. *See Wood v. Elling Corp.,* 20 Cal.3d 353, 142 Cal.Rptr. 696, 572 P.2d 755, 757–58 (1977).

■ The district court properly determined that the claims against Fremont and Rampino accrued at the same time as Gerling's claims against Indemnity. In its complaint, Gerling alleges that Fremont and Rampino "engaged in a deliberate pat-

---

1. Gerling's reliance on *People v. Clauson,* 231 Cal.App.2d 374, 41 Cal.Rptr. 691 (1965), is likewise unhelpful. In *Clauson* the court sought to put the alter ego defendant in the same position as the corporate entity by applying the longer statute of limitation applicable to claims against the corporation to the claims against the alter ego. *Id.* at 694–95.

The rule Gerling urges would allow a plaintiff to file suit against the alter ego that it did not and could not have filed against the corporate entity. Such a rule goes beyond the holding and rationale of *Clauson* as it is not necessary to prevent "a perpetration of the very fraud or injustice the [alter ego] doctrine seeks to avoid." *See id.* at 695.

tern of fraud and abuse to increase Indemnity's premium revenue" and "lured Gerling to provide reinsurance through material misrepresentations and omissions." Although Gerling may not have been aware of Fremont and Rampino's involvement in the alleged wrongdoing of which it complains until after it made its arbitration demand, ignorance of the identity of the defendant does not delay the accrual of a cause of action. *Fox v. Ethicon Endo–Surgery, Inc.,* 35 Cal.4th 797, 27 Cal.Rptr.3d 661, 110 P.3d 914, 920 (2005). Because Gerling is not suing Fremont and Rampino for "new" claims of a "wholly different sort" than those asserted against Indemnity, the causes of action accrued at the same time. *See id.,* 27 Cal.Rptr.3d 661, 110 P.3d at 923–24.

Generally, a cause of action accrues "when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79, 88 (1999). However, under the discovery rule, the accrual of a cause of action is postponed "until the plaintiff discovers, or has reason to discover, the cause of action." *Id.* When the discovery rule applies, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing." *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923, 927 (1988).

Even drawing all inferences in favor of Gerling, the record evidence establishes as a matter of law that Gerling suspected or should have suspected wrongdoing prior to July 27, 2001.[2] Trade journals circulated to Gerling employees in the fall of 1998 and winter of 1999 speculated that Indemnity was taking advantage of the fact that it had passed risk to its reinsurers to underprice its policies. The fact that Indemnity, through Rampino, passionately denied such rumors, even in the face of an alleged fiduciary relationship, is insufficient to defeat inquiry notice, especially in light of the other evidence of wrongdoing. *See Hobart v. Hobart Estate Co.,* 26 Cal.2d 412, 159 P.2d 958, 973 (1945).

A 1999 audit revealed "substantial credits" on larger accounts, for which Gerling and other reinsurers bore the risk, but not on smaller accounts; underpricing of targeted business; a "subtle shift in hazard distribution"; and a shift in case reserves to IBNR. While the auditors concluded that "[n]othing we witnessed leads us to any new conclusions," a Gerling employee circulated an email soon after the audit noting the need to "make sure [Indemnity] do[es] not use reinsurance as a subsidy of business."

Throughout 1999 and 2000, losses under the treaty continued to mount, prompting involvement of the board of directors. A senior Gerling Vice President was asked whether Gerling had "eventually been misled by Fremont" and whether Gerling could "make a case out of this." While it may be true that "[i]nsurance is a risk business and losses, even very substantial losses, can occur without any breach, negligence, or other wrongdoing by the cedent," there was sufficient evidence to cause Gerling to suspect that its losses were caused by wrongdoing prior to July 27, 2001, four years before Gerling filed suit. Summary judgment was properly entered in favor of Fremont and Rampino.

AFFIRMED.

---

**2.** Because we decide that Gerling was on inquiry notice of wrongdoing prior to July 27, 2001, we need not decide whether the discovery rule applies to the breach of contract claim. Even assuming it does, Fremont is entitled to summary judgment because more than four years passed before the breach of contract claim was filed.