[Civ. No. 13444.   Second Dist., Div. One.   July 2, 1942.]

JOHN X. LOUGHRAN, Appellant, v. JAMES G. REYNOLDS, Respondent.

Wolfson & Swetow and Abraham Setzer for Appellant.

Stanley M. Arndt for Respondent.

DRAPEAU, J. pro tem.—In this action for damages for breach of contract, judgment was rendered in favor of a defendant in his individual capacity, after the trial court sustained a demurrer to plaintiff's first amended complaint without leave to amend. The effect of the judgment was to leave a corporate defendant in the case and to release an individual sued on the same cause of action.

There is no question but that the complaint states a cause of action as to damages. The only possible contention is whether or not the facts alleged in the complaint apply to the individual defendant and are sufficient as a pleading to establish that the cause of action as against him arose out of his operations through the agency of a corporation as his *alter ego*.

The complaint alleges that all of the subscribed, issued, and outstanding capital stock of the corporate defendant was three shares and that the individual defendant was the owner of all of it; that the corporate board of directors consisted of three persons, the individual defendant, his wife, and his daughter; that the individual defendant was the sole and exclusive owner of all of the business and assets of the corporate defendant; that he alone controlled the corporation, its business, property and affairs; that the corporation "has been and is now a mere shell and naked corporate framework," which the individual defendant used "for the conduct of his personal business, property, and affairs." It is next alleged that the corporation was created and continued in existence pursuant to a plan on the part of the individual defendant whereby he diverted the income, revenue, and profits thereof to his own use, in order to avoid his individual obligations, and in particular his individual obligation as alleged in the complaint. For cause of action for damages against both defendants, the complaint alleges the hiring of the plaintiff at an agreed compensation, refusal on the part of the defendants to permit him to continue with the work for which he was hired, and damages *ex contractu* in the sum of $39,264.

The complaint states a cause of action as against both the corporate defendant and the individual defendant operat-

ing through the agency of the corporation. The general demurrer should have been overruled. If upon the trial of this case, the plaintiff should prevail upon the merits, and if it should then develop that all of the property of the corporation had been diverted to the individual defendant so that the plaintiff could not enforce his judgment against the corporation, it is clear that injustice would result.

No man may hide behind a corporate entity when there is such a community of ownership that he is in fact the corporation, and when under such circumstances to observe the fiction of corporate ownership would work injustice upon other men. (*Llewellyn Iron Works* v. *Abbott Kinney Co.*, 172 Cal. 210 [155 Pac. 986]; *Clark* v. *Millsap*, 197 Cal. 765 [242 Pac. 918]; *Continental Securities & Investment Co.* v. *Rawson*, 208 Cal. 228 [280 Pac. 954]; *D. N. & E. Walter & Co.* v. *Zuckerman*, 214 Cal. 418 [6 P. (2d) 251, 79 A. L. R. 329]; *Watson* v. *Commonwealth Insurance Co.*, 8 Cal. (2d) 61 [63 P. (2d) 295]; *Mirabito* v. *San Francisco Dairy Co.*, 8 Cal. App. (2d) 54 [47 P. (2d) 530]; *Sunset Farms, Inc.* v. *Superior Court*, 9 Cal. App. (2d) 389 [50 P. (2d) 106]; *Goldberg* v. *Engelberg*, 34 Cal. App. (2d) 10 [92 P. (2d) 935]; *Wood Estate Co.* v. *Chanslor*, 209 Cal. 241 [286 Pac. 1001]; *Hollywood C. & P. Co.* v. *Hollywood L. Service, Inc.*, 217 Cal. 124 [17 P. (2d) 709]; *Wiseman* v. *Sierra Highland Min. Co.*, 17 Cal. (2d) 690 [111 P. (2d) 646].)

The rule which is determinative in this case is well stated in *Minifie* v. *Rowley*, 187 Cal. 481 [202 Pac. 673], at page 487: "Before the acts and obligations of a corporation can be legally recognized as those of a particular person, and *vice versa*, the following combination of circumstances must be made to appear: First, that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased; second, that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice. [Citing cases.]" This rule is repeated and approved in the later case of *Continental Securities, etc. Co.* v. *Rawson*, 208 Cal. 228 [280 Pac. 954], at page 238. In effect this rule has been applied in every case above cited. Sometimes the facts of a particular case did not establish the *alter ego* relationship; sometimes they did.

Upon reading the complaint in the present case, it is evident that facts are alleged from which it appears that the corporate defendant was solely influenced and governed by the individual defendant; that there was as between them a unity of interest and ownership; and that under the circumstances particular to this case as pleaded, an adherence to the fiction of the separate existence of the corporation would sanction fraud and promote injustice.

The judgment is reversed.

Doran, Acting P. J., and White, J., concurred.

A petition for a rehearing was denied July 27, 1942, and respondent's petition for a hearing by the Supreme Court was denied August 27, 1942.