[No. B017155. Second Dist., Div. Three. Oct. 4, 1988.]

HENNESSEY'S TAVERN, INC., Plaintiff and Appellant, v. AMERICAN AIR FILTER COMPANY, INC., et al., Defendants and Respondents.

1352

## COUNSEL

Paul D. Beechen and Robert W. Woods for Plaintiff and Appellant.

Charles E. Alpert for Defendants and Respondents.

## OPINION

**DANIELSON, J.**—Hennessey's Tavern, Inc. (plaintiff) appeals (1) from a judgment (order of dismissal) made and entered following the granting of a motion to dismiss action based on plaintiff's failure to serve Allan Elliot and Air Temperature Systems, a California corporation, with summons and complaint within the three-year time period prescribed by Code of Civil Procedure sections[1] 583.210 and 583.250; (2) from an order awarding attorney's fees to those defendants; and (3) from an order denying a motion for reconsideration of both of those orders. We reverse the judgment and the order awarding attorney's fees and dismiss the appeal from the order denying reconsideration.[2]

### THE PRINCIPAL HOLDING

In this appeal we hold that, as to defendants who are first named in an amended complaint and alleged to be the alter egos of a defendant named in the original complaint, the action is commenced at the time the amended complaint is filed first naming them as defendants. (§§ 583.210, 583.250.)

### PROCEDURAL AND FACTUAL STATEMENT

The action was commenced on June 30, 1982, when plaintiff filed a complaint against American Air Filter Company, Inc. (Air Filter), Elliot

---

[1] All further sectional references are to the Code of Civil Procedure unless otherwise indicated.

[2] We deem plaintiff to have waived its appeal from the order denying reconsideration since no issues are raised nor addressed in that regard in its briefs. (See Cal. Rules of Court, rule 13; and see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 479, pp. 469-470, and authorities cited there.)

Air Conditioning Company, Inc. (Elliot Air), and Does, pleading two causes of action for (1) breach of contract, and (2) misrepresentation and fraud.

The complaint alleged: On or about March 15, 1980, plaintiff entered into a contract with Air Filter for the purchase of certain filter equipment to remove all smoke and emissions generated by the cooking of hamburgers on an open grill. Also on that date it entered into a contract with Elliot Air for the installation of that equipment. Representatives of the named defendants represented that the equipment would be installed and operational by June 1980. That representation was false and constituted a breach of contract, because the equipment was not installed until September 1980. Moreover, the equipment was improperly installed, defective, or inadequate, because it was not capable of removing the smoke and emissions resulting from plaintiff's cooking process. As a result, on December 16, 1980, plaintiff was cited for polluting the air, and on January 15, 1981, plaintiff was forced by its landlord to cease cooking operations. Plaintiff claimed, as damages, the sum of $40,000 for purchase and installation of that equipment, approximately $50,000 a month for lost profits, and $1 million as punitive damages.

On June 20, 1985, with leave of court, plaintiff filed a "Revised First Amended Complaint" (hereafter amended complaint) adding the names of Allan Elliot and Air Temperature Systems, a California corporation (hereafter Air Temperature) as defendants and alleging that Elliot Air and Air Temperature were alter egos of Allan Elliot.

In addition to the two causes of action for breach of contract and fraud pleaded in the original complaint, the amended complaint also pleaded causes of action, against all defendants, for (3) negligent misrepresentation and (4) breach of implied warranty.

The amended complaint also pleaded a fifth cause of action, for fraudulent conveyance, alleged solely against defendants Allan Elliot, Elliot Air, Air Temperature, and Does. In the fifth cause of action plaintiff alleged that Allan Elliot had directed and controlled the fraudulent transfer of the assets of Elliot Air to Air Temperature without fair consideration, not in the ordinary course of business, and with the intent and purpose of defrauding the creditors of Allan Elliot and Elliot Air, including plaintiff.

Summons was issued on the amended complaint and newly-named defendants Allan Elliot and Air Temperature were served with that summons and the amended complaint on July 16, 1985. On August 16, 1985, Allan Elliot and Air Temperature filed a motion to dismiss the amended

complaint on the ground they had not been served within three years after the action was commenced, as required by section 583.210.

In its opposition, filed September 4, 1985, plaintiff argued that the time bar of section 583.210 did not apply for the reason that no "new" defendants had been named. Rather, Allan Elliot and Air Temperature were simply added and named as alter egos of an already-named defendant, Elliot Air. Plaintiff further argued that no prejudice flowed to those defendants since their alter ego, Elliot Air, had appeared in the action, had been represented by counsel throughout all proceedings and had answered the amended complaint.

On September 10, 1985, following a hearing, the motion to dismiss as to defendants Allan Elliot and Air Temperature Systems, Inc., was granted. The order of dismissal appealed from was filed the same date.

After a hearing on November 7, 1985, the court granted attorney's fees in the sum of $1,300 to Allan Elliot and Air Temperature as prevailing parties.

Plaintiff's motion for reconsideration of the order of dismissal and the order awarding attorney's fees was denied following a hearing on December 5, 1985.

A notice of appeal and an amended notice of appeal were timely filed from the judgment (order of dismissal) and from the orders made after judgment and we consider them as one proceeding.

## CONTENTIONS

The sense of plaintiff's contentions can be summarized as follows: 1. As to the first four causes of action: The court erred in dismissing the amended complaint as to defendants Allan Elliot and Air Temperature because they were alleged to be the alter egos of Elliot Air, a defendant named in the original complaint, which had been served, had answered the complaint, and had been represented by counsel at all stages of the litigation. Section 583.210, subdivision (a), does not apply to service of summons and complaint upon alter ego defendants under such circumstances.

2. As to the fifth cause of action: The court erred in dismissing the amended complaint because it was based on operative facts different from those which were the basis of the original complaint and hence the doctrine of relation back does not apply.

3. The order for attorney's fees was erroneous because the dismissal of the amended complaint was erroneous and, therefore, the award of fees was premature.

## DISCUSSION

Plaintiff's contentions present three issues. The first issue is a question of first impression: Must defendants who are named for the first time in an amended complaint as the alter egos of a defendant named in the original complaint be served with the summons and complaint within three years after the original complaint was filed? The second issue concerns the applicability of the three-year time limitation period of section 583.210 to the fifth cause of action, for fraudulent conveyance, newly pleaded in the amended complaint. The remaining issue is whether the court erred in granting attorney's fees to Allan Elliot and Air Temperature.

I. *Applicability of Three-year Service of Process Statute to Defendants First Named in an Amended Complaint and Alleged to Be Alter Egos of Defendant Named in Original Complaint*

Subdivision (a) of section 583.210 provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. . . . [A]n action is commenced at the time the complaint is filed."

Allan Elliot and Air Temperature were not named as defendants in the original complaint; therefore the action was not commenced against them when the original complaint was filed. They were not served with summons and complaint within three years after the original complaint was filed, and such service upon them would have been meaningless since they were not then defendants in the action. Allan Elliot and Air Temperature were not substituted into the action as newly identified defendants who had been fictitiously named in the original complaint (§ 474).

Allan Elliot and Air Temperature were named as defendants for the first time in the amended complaint, where it was alleged that Allan Elliot was the alter ego of Elliot Air and of Air Temperature. Elliot Air had been named as a defendant in the original complaint and had been served and had appeared in the action.[3]

---

[3] We do not address the sufficiency of the alter ego allegations, since that issue is not before us.

*The Purpose and Effect of the Alter Ego Doctrine*

■ "The figurative terminology 'alter ego' and 'disregard of the corporate entity' is generally used to refer to the various situations that are an abuse of the corporate privilege." (*Minton* v. *Cavaney* (1961) 56 Cal.2d 576, 579 [15 Cal.Rptr. 641, 364 P.2d 473].) The purpose behind the alter ego doctrine is to prevent defendants who are the alter egos of a sham corporation from escaping personal liability for its debts. (*Hiehle* v. *Torrance Millworks, Inc.* (1954) 126 Cal.App.2d 624, 629 [272 P.2d 780].) The device of disregarding the corporate entity is applicable whether the alter ego is an individual or corporation. (*McLoughlin* v. *L. Bloom Sons Co., Inc.* (1962) 206 Cal.App.2d 848, 851 [24 Cal.Rptr. 311]; see also, *Pan Pacific Sash & Door Co.* v. *Greendale Park, Inc.* (1958) 166 Cal.App.2d 652, 657-659 [333 P.2d 802]; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Corporations, § 5, p. 4317, and authorities cited there.) ■ "Before the courts will disregard the corporate entity of one corporation and treat it as the alter ego of another, even though the latter may own all the stock of the former, it must further appear that there is such a unity of interest and ownership that the individuality of the one corporation and the owner or owners of its stock has ceased and, further, that the observance of the fiction of separate existence would under the circumstances sanction a fraud or promote injustice. In other words, bad faith in one form or another must be shown before the court may disregard the fiction of separate corporate existence. [Citations.]" (*Marr* v. *Postal Union Life Ins. Co.* (1940) 40 Cal.App.2d 673, 681 [105 P.2d 649], italics in original.)

■ The alter ego issue is ordinarily raised by the pleadings, either affirmatively in the complaint (see, e.g., *Loughran* v. *Reynolds* (1942) 53 Cal.App.2d 250, 251-253 [127 P.2d 586]) or negatively in the answer (see, e.g., *Gordon* v. *Aztec Brewing Co.* (1949) 33 Cal.2d 514, 523 [203 P.2d 522]). Nonetheless, even when not pleaded, that issue may be resolved at trial (see, e.g., *Gordon, supra,* at 523; *Wilson* v. *Stearns* (1954) 123 Cal.App.2d 472, 483-484 [267 P.2d 59]), at a hearing to determine the true identity of the judgment debtor (see, e.g., *Thompson* v. *L.C. Roney & Co.* (1952) 112 Cal.App.2d 420, 422-423, 426-427 [246 P.2d 1017]; but see *Motores De Mexicali* v. *Superior Court* (1958) 51 Cal.2d 172, 174-176 [331 P.2d 1]), or even in a separate action subsequent to the action against the fictitious corporate defendant. (See, e.g., *Taylor* v. *Newton* (1953) 117 Cal.App.2d 752, 753-757 [257 P.2d 68].)

■ An alter ego defendant has no separate primary liability to the plaintiff. Rather, plaintiff's claim against the alter ego defendant is identical with that claimed by plaintiff against the already-named defendant.

A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance, but rather, procedural, i.e., to disregard the corporate entity as a distinct defendant and to hold the alter ego individuals liable on the obligations of the corporation where the corporate form is being used by the individuals to escape personal liability, sanction a fraud, or promote injustice. (*Taylor* v. *Newton, supra,* 117 Cal.App.2d 752, 757; accord, *Most Worshipful Sons* v. *Sons etc. Lodge* (1958) 160 Cal.App.2d 560, 565-566 [325 P.2d 606]; see also, 5 Witkin, Cal. Procedure (3d. ed. 1985) Pleading, § 875, pp. 316-317.)

■ The nature and purpose of the three-year service of process statute (§ 583.210) and the statute of limitations are virtually identical. (*Barrington* v. *A.H. Robins Co.* (1985) 39 Cal.3d 146, 152 [216 Cal.Rptr. 405, 702 P.2d 563].) A statute of limitations serves to promote the public policy of furthering justice by precluding the assertion of stale claims. (*Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353, 362 [142 Cal.Rptr. 696, 572 P.2d 755].) That public policy would not be served by applying the time bar of the mandatory time for service statute (§ 583.210) to service of process upon an alter ego defendant first named in an amended complaint. The alter ego's liability to the plaintiff, if any, is identical with that of the already-named defendant, its "other self," and the issue of a stale claim could not be asserted by the alter ego.

■ It is established that an action may be brought against an alter ego defendant after the statute of limitations applicable to the cause of action alleged in the original complaint has expired. (See, e.g., *Most Worshipful Sons* v. *Sons etc. Lodge, supra,* 160 Cal.App.2d 560, 564-567, 569; see also, *Taylor* v. *Newton, supra,* 117 Cal.App.2d 752, 757.)

When a defendant is named in the original complaint by fictitious name, but is identified by his true name in an amended complaint, the "relation back" doctrine applies and the action commences as to such defendant when the original complaint is filed. However, when a new defendant is added to an action, the action commences as to him at the time the complaint is filed naming him as a new defendant. (*Nelson* v. *A. H. Robins Co.* (1983) 149 Cal.App.3d 862, 866 [197 Cal.Rptr. 179]; *Barrington* v. *A. H. Robins Co., supra,* 39 Cal.3d 146, 150.)

■ When a defendant is first named in an amended complaint, and is alleged to be the alter ego of a defendant named in the original complaint, he is brought into the action as a new defendant and the action is commenced as to him at the time the amended complaint naming him is filed. It

is necessary that the new defendant be named in the amended complaint and summons issued thereon, and that they be served upon him, in order for the court to acquire jurisdiction over him and he be afforded his due process rights to notice and the opportunity to be heard. This is true even though the alter ego defendant is considered to be identical with, i.e., the "other self" of, the defendant named in the original complaint.

Based on the foregoing we hold that an alter ego defendant added as a new defendant in an amended complaint must be served with the amended complaint and summons thereon within three years after the filing of the amended complaint first naming such defendant. The action was commenced against Allan Elliot and Air Temperature at the time the amended complaint was filed, on June 20, 1985. They were served with the amended complaint and the summons issued thereon on July 16, 1985, within the three-year mandate of section 583.210; they were timely served.

## II. *The Cause of Action for Fraudulent Conveyance*

■ In the fifth cause of action of the amended complaint plaintiff alleged that Allan Elliot caused and controlled a fraudulent conveyance of all of the assets of Elliot Air to Air Temperature, for the purpose of defrauding the creditors of Allan Elliot and Elliot Air, including plaintiff. The alleged fraudulent transfer was at the time of, or after, the filing of the original complaint. The fifth cause of action was based on a set of operative facts which were entirely different from those which were the bases of the first four causes of action and the original complaint.

In *Barrington, supra,* our Supreme Court held that the phrase "the time the complaint is filed" in section 583.210 applies also to an amended complaint which contains a new cause of action based on operative facts which are different from those which are the basis of the original complaint. The *Barrington* court held that under such circumstances the three-year limitation period of section 583.210 commences to run from the time the amended complaint is filed. (*Barrington* v. *A.H. Robins Co, supra,* 39 Cal.3d 146 at pp. 154-157.)

Under the statutory scheme of the Uniform Fraudulent Transfer Act (Civ. Code, § 3439 et seq.) plaintiff is a "creditor," since it alleges that it has a contingent claim for damages (Civ. Code, § 3430) against Elliot Air, which is a "debtor" (Civ. Code, § 3429). As a creditor, plaintiff may maintain an action against Allan Elliot and Air Temperature to set aside any fraudulent conveyance of Elliot Air's assets to them. (Civ. Code, §§ 3439.04, 3439.07, subd. (a)(1); see also, *Malaquias* v. *Novo* (1943) 59

Cal.App.2d 225, 231-232 [138 P.2d 729].) Allan Elliot, Elliot Air and Air Temperature are party defendants, not alter ego defendants, in this fifth cause of action.

■ The cause of action for fraudulent conveyance added by the amended complaint was an entirely new cause of action based on operative facts different than those underlying the original complaint. Accordingly, under the *Barrington* court's interpretation of section 583.210 we conclude that the three-year limitation period of that section did not begin to run until the amended complaint setting forth the fraudulent conveyance cause of action was filed. We therefore find that Allan Elliot and Air Temperature, who were served within that time frame, were improperly dismissed pursuant to section 583.210 as to that cause of action.

III. *The Court Erred in Awarding Attorney's Fees*

The award of attorney's fees was improperly granted for the reason that such award was based on the obtaining of the order of dismissal which we must reverse.

### DECISION

The judgment (order of dismissal) and order awarding attorney's fees are reversed. The appeal from the order denying reconsideration is dismissed. Respondents are to bear all costs on this appeal.

Klein, P. J., and Luros, J.,* concurred.

---

* Assigned by the Chairperson of the Judicial Council.