**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | No. 12-56031 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-09816-CBM-VBK |
| v. | |
| UNOCAL CORPORATION, | MEMORANDUM[*] |
| Intervenor-Plaintiff - Appellant. | |

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, LLC, | No. 12-56110 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-09816-CBM-VBK |
| and | |
| UNOCAL CORPORATION, | |
| Intervenor-Plaintiff, | |
| v. | |
| DEMOCRATIC REPUBLIC OF CONGO, AKA Republic of Zaire, | |
| Defendant - Appellant. | |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeals from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted February 10, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Unocal and the Democratic Republic of Congo (DRC) appeal from the district court's judgment that future oil tax revenues owed to the DRC by ODS, Ltd., a subsidiary of Unocal, were not immune from execution based on an exception established by the Foreign Sovereign Immunities Act (FSIA) for property of a foreign sovereign that is located and used for commercial activity in the United States, 28 U.S.C. §§ 1609-10. We have jurisdiction under the collateral order doctrine. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d. 759, 763 (9th Cir. 2007).

The availability of the alter ego doctrine to determine the location of intangible property for FSIA purposes is a question of law that is reviewed *de novo*. *See Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066 (9th Cir. 2013). Questions of exceptions to sovereign immunity under the FSIA are reviewed *de novo*. *Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1085-86 (9th Cir. 2007).

California law determines the location of intangible assets for the purposes of the FSIA. *See Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1130 (9th Cir. 2010) (holding that enforcement proceedings "are governed by the law of the state in which the court sits" unless it conflicts with applicable federal law). Under California law, a right to payment is located where the debtor (who must pay) is located. *Id.* at 1131. Unocal is located in the U.S.; however, ODS, the formal debtor owing the payment, is a Bermuda corporation. Nonetheless, applying the alter ego doctrine to ODS, the district court held the right to payment was located in the U.S., because Unocal was located there.

Applying the alter ego doctrine to disregard the separate legal status of Unocal and ODS to find the DRC's right to payment is located in the United States would constitute a novel extension of California law. In prior cases, the plaintiff has been owed substantive relief by the corporate entity. *Hennessey's Tavern, Inc. v. Am. Air Filter Co.*, 251 Cal. Rptr. 859, 863 (Cal. Ct. App. 1988). (The alter ego doctrine serves as a procedural mechanism that holds "the alter ego individuals liable on the obligations of the corporation."). Here, neither Unocal nor ODS owes FG anything.

Moreover, California courts have rejected previous attempts by plaintiffs to expand the reach of the alter ego doctrine. *See Stodd v. Goldberger*, 141 Cal. Rptr.

3

67, 71 (Cal. Ct. App. 1977) (rejecting alter ego theory where bankruptcy trustee failed to allege injury by corporation); *Postal Instant Press, Inc. v. Kaswa Corp.*, 77 Cal. Rptr. 3d 96, 102-03 (Cal. Ct. App. 2008) (rejecting the creation of an outsider reverse veil piercing theory of alter ego liability). Absent firmer support than FG has provided us, we do not think the California Supreme Court would extend the alter ego doctrine to this context. Thus, we decline to do so. *See, e.g.*, *Morrell Constr., Inc. v. Home Ins. Co.*, 920 F.2d 576, 578-79 (9th Cir. 1990).

**REVERSED.**