Filed 9/20/21  Seagate Technology v. eSys Distribution CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| SEAGATE TECHNOLOGY LLC, | D078823 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CV160181) |
| ESYS DISTRIBUTION, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Santa Cruz, Paul P. Burdick, Judge.  Affirmed.

McManis Faulkner, James McManis, Matthew Schechter, Elizabeth Pipkin, Christine Peek and Christopher Rosario for Plaintiff and Appellant.

Wegstaffe, von Loewenfeldt, Busch & Radwick, Michael von Loewenfeldt and Frank Busch for Defendant and Respondent.

## I

## INTRODUCTION

Seagate Technology LLC (Seagate) obtained a stipulated judgment against eSys Distribution, Inc. (eSys Distribution) in a lawsuit arising out of

a commercial dispute. Years later, Seagate moved to amend the judgment to add eSys Distribution's former president, Vikas Goel, as an alter ego judgment debtor. Seagate purported to serve its motion on Goel by mailing a copy of the motion to him at an address in India. The trial court granted Seagate's motion, added Goel as an alter ego judgment debtor, and renewed the judgment as to him.

Thereafter, Goel specially appeared and moved to set aside the judgment against him under Code of Civil Procedure section 473, subdivision (d),[1] and to vacate renewal of the judgment, on grounds that Seagate never effected service of process on him. Additionally, he argued Seagate's purported service of its motion was invalid because he never consented to service by mail and India did not allow service by mail under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (Hague Service Convention). The trial court accepted Goel's arguments, set aside the judgment as to Goel, and vacated renewal of the judgment as to him.

On appeal, Seagate contends it did not need to effect separate service of process on Goel because he was the alter ego of the original judgment debtor, eSys Distribution. We disagree. The trial court could not properly assess whether Goel was the alter ego of eSys Distribution unless and until it had jurisdiction over Goel—either through service of process, a waiver of service of process, or a general appearance by Goel. It did not have jurisdiction over Goel through any of these means. Therefore, the trial court correctly set aside the judgment and vacated the renewal of the judgment as to Goel, and

---

[1]     Further undesignated statutory references are to the Code of Civil Procedure.

2

we affirm the challenged order on that basis. Because we affirm the order on this basis, it is unnecessary for us to assess whether Seagate properly served Goel with its motion to amend the judgment.

II

BACKGROUND

A

Seagate is a California company that designs and manufactures computer hard disk drives. Prior to 2006, Seagate had agreements with a Singapore company called eSys Technologies Pte. Ltd. (eSys Singapore) for the distribution of Seagate's products. The business relationship between Seagate and eSys Singapore deteriorated, spawning numerous lawsuits and arbitrations among Seagate, eSys Singapore, and entities associated with both companies. The present action is one of those lawsuits.

In May 2008, Seagate filed this case against eSys Distribution, an entity related to eSys Singapore, in the Superior Court for the County of Santa Cruz. Seagate alleged eSys Distribution breached a contract guaranteeing the payment of any indebtedness owed by eSys Singapore to Seagate and its affiliates. eSys Distribution cross-complained against Seagate for breach of contract and various business torts.

In June 2009, Seagate, eSys Singapore, eSys Distribution, Goel, and several other entities executed a settlement agreement to resolve all pending and threatened actions, including the present lawsuit. The settlement required eSys Singapore to issue a $15 million promissory note to a Seagate affiliate, payable in five years. It also required Seagate and eSys Distribution to file a stipulated judgment in the present action: (1) requiring eSys Distribution to pay $86.9 million to Seagate; and (2) dismissing eSys Distribution's cross-complaint against Seagate. Seagate agreed not to

3

execute on the stipulated judgment unless eSys Singapore failed to make timely payments under the promissory note. The parties filed the stipulated judgment, which the trial court entered.

Ultimately, eSys Singapore did not satisfy its debt obligations under the promissory note. It is not apparent from the record whether Seagate ever executed, or attempted to execute, on the stipulated judgment against eSys Distribution.

B

On December 12, 2014, Seagate filed a motion under section 187 to amend the judgment to add Goel as an alter ego judgment debtor.[2] According to Seagate, Goel was eSys Distribution's alter ego because he previously served as the company's president and he once owned 99.9 percent of the shares of its parent company, among other reasons.

Seagate served its motion on eSys Distribution by mailing a copy of the motion to eSys Distribution's legal counsel. It purported to serve its motion on Goel by mailing a copy of the motion to him at an address in India. Seagate obtained the India address from a notice provision contained in the parties' settlement agreement. The notice provision stated in relevant part as follows: "Any notice or demand required or permitted to be given herein shall be made in writing[ ] to the addresses listed below …." It then designated an address for each signatory to the settlement agreement, including the India address for Goel.

---

[2] Section 187 states: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

Goel did not oppose Seagate's motion or otherwise appear in the action.

On March 13, 2015, the court granted Seagate's motion and amended the judgment to add Goel as an alter ego judgment debtor. Seagate mailed a notice of entry of the order granting its motion to the India address.

C

On April 5, 2019, Goel specially appeared and moved to set aside the judgment as void under section 473, subdivision (d). He argued the judgment was void because Seagate never effected valid service of process on him. According to Goel, the only litigation filings Seagate purported to serve on him were the briefs pertaining to Seagate's motion to amend the judgment and the notice of entry of the order granting that motion—not the complaint or a summons.

Even as to the motion to amend the judgment and the notice of entry, Goel asserted Seagate's service efforts were ineffectual because he never consented to service by mail. As Goel explained, the settlement agreement allowed service by mail only for actions pending before two courts (the Superior Court for the County of Santa Clara and the U.S. District Court for the Northern District of California (together, the Selected Courts)), not for

5

actions pending in the Superior Court for the County of Santa Cruz.[3] Further, Goel argued India did not permit service by mail under the Hague Service Convention.[4]

Seagate opposed Goel's motion to set aside the judgment. It argued: (1) it had no obligation to serve a complaint or summons on Goel because he was the alter ego of eSys Distribution, which had appeared in the case; (2) it properly served Goel with the motion to amend the judgment and the notice of entry by mailing the filings to Goel in India and to eSys Distribution's legal

---

[3] The settlement agreement stated: "The Parties agree that either of the following courts (the 'Selected Courts') may properly and nonexclusively serve as the venue for any dispute arising as to the enforcement of the Settlement Documents: (a) the Superior Court of the State of California for the County of Santa Clara, or (b) the United States District Court for the Northern District of California …. The parties consent to the personal jurisdiction of the Selected Courts for the sole and limited purpose of adjudicating any dispute arising as to the enforcement of the Settlement Documents. The Parties agree to service of process by U.S. mail for any action in the Selected Courts to enforce the Settlement Documents at the addresses set forth for Notice …. Except for this limited consent, nothing in this clause specifically or in the Settlement Documents generally shall be understood as constituting a waiver of any objection by any Party to the exercise of personal jurisdiction over that Party by any court, including the Selected Courts."

[4] In the alternative, Goel moved to quash service of summons on grounds that he lacked minimum contacts with California and, therefore, the court lacked personal jurisdiction over him. Because the court granted Goel's motion to set aside the judgment without addressing his minimum contacts argument, and the parties do not address the minimum contacts issue in their appellate briefs, we do not discuss the issue further.

6

counsel, which "virtually represented" Goel in the litigation; and (3) Goel's motion was untimely.[5]

After briefing was complete on Goel's motion to set aside the judgment, but before the court ruled on the motion, Seagate applied to renew the judgment under section 683.120. The court clerk granted the application, thus extending the judgment's enforceability. Goel then moved to vacate renewal of the judgment, and Seagate opposed Goel's motion, based on the same arguments they made in connection with Goel's motion to set aside the judgment.

On September 11, 2019, the trial court granted Goel's motion to set aside the judgment as void and his motion to vacate renewal of the judgment. In its order, the court cited case law for the proposition that an alleged alter ego defendant must be served with a copy of the complaint and summons. It also found service of the motion to amend the judgment and the notice of entry of order granting the motion were ineffectual because Goel did not consent to service by mail and Goel was not served in accordance with the requirements of the Hague Service Convention.

III

DISCUSSION

A

*Legal Standards*

Goel moved to vacate the judgment under section 473, subdivision (d). That statute states in relevant part as follows: "The court … may, on motion of either party after notice to the other party, set aside any void judgment or

---

[5] Seagate did not respond to Goel's argument that the consent to service by mail provision in the settlement agreement was limited solely to actions pending in the Selected Courts. Seagate also did not respond on the merits to Goel's arguments concerning the Hague Service Convention.

7

order." (§ 473, subd. (d).)  Its use of the word " 'may' … makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order]." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.)  Thus, a reviewing court " 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d):  whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' [Citation.] The trial court's determination whether [a judgment] is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)  Here, Seagate challenges only the trial court's determination that the judgment as to Goel was void; therefore, the de novo standard applies.

Goel moved to vacate renewal of the judgment under section 683.170, which states as follows:  "The renewal of a judgment … may be vacated on any ground that would be a defense to an action on the judgment[.]" (§ 683.170, subd. (a).)  " 'The judgment debtor bears the burden of proving, by a preponderance of the evidence, that he or she is entitled to relief under … section 683.170.  [Citations.]  On appeal, we examine the evidence in a light most favorable to the order under review and the trial court's ruling for an abuse of discretion.' [Citation.]  Nevertheless, 'the abuse of discretion standard does not allow trial courts to apply an incorrect rule of law. [Citation.]  Consequently, a trial court's resolution of a question of law is subject to independent (i.e., de novo) review on appeal.' " (*Rubin v. Ross* (2021) 65 Cal.App.5th 153, 161–162.)

8

B

*The Trial Court Lacked Jurisdiction Over Goel*

This appeal requires us to determine whether a court can obtain jurisdiction over an alleged alter ego judgment debtor who has never been served with the complaint or a summons, has not waived service of process, and has not made a general appearance. As we will explain, jurisdiction does not attach under these circumstances. Thus, any judgment rendered against the alleged alter ego judgment debtor may be set aside as void.

1

"Courts generally refer to jurisdiction over the parties and subject matter in any action as 'fundamental jurisdiction,' and where this is lacking there is an entire absence of power to hear or determine the case. [Citation.] Under such circumstances, 'an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." ' " (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1225 (*Gorham*); see *Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249 [" 'When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." ' "].)

"Personal jurisdiction over a nonresident defendant depends upon the existence of essentially two criteria: first, a *basis* for jurisdiction must exist due to defendant's minimum contacts with the forum state; second, given that basis for jurisdiction, jurisdiction must be *acquired* by service of process in strict compliance with the requirements of our service statutes."[6] (*Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1229; see *Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 269 [the "power to

---

[6] " 'Process' signifies a writ or summons issued in the course of a judicial proceeding." (§ 17, subd. (b)(7).)

9

exercise jurisdiction over a nonresident—the basis for personal jurisdiction—is governed by … section 410.10," while "[t]he means for *obtaining* jurisdiction, once the basis is established, is valid service of process"].)  This appeal presents issues relating to the second of these two criteria—i.e., the acquisition or assertion of jurisdiction over a nonresident defendant.

" ' "Service of process is the means by which a court having jurisdiction over the subject matter asserts its jurisdiction over the party and brings home to him reasonable notice of the action." ' [Citations.] [¶] Thus, formal service of process performs two important functions.  From the court's perspective, service of process asserts jurisdiction over the person.  'Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.' [Citation.]  'The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.' [Citation.]  From the defendant's perspective, '[d]ue notice to the defendant is essential to the jurisdiction of all courts, as sufficiently appears from the well-known legal maxim, that no one shall be condemned in his person or property without notice, and an opportunity to be heard in his defence.' [Citation.]  Service of process thus protects a defendant's due process right to defend against an action by providing constitutionally adequate notice of the court proceeding." (*Rockefeller Tech. Investments (Asia) VII v. Changzhou SinoType Tech. Co., Ltd.* (2020) 9 Cal.5th 125, 139 (*RTI*).)

California's service of process requirements are set forth in section 413.10, et seq.  In the case of service of process abroad, service may be made by any method authorized for service within California, as directed by the

10

trial court, or by any method prescribed by the law of the foreign country in which service is made so long as the service is reasonably calculated to give actual notice. (§ 413.10, subd. (c).) Service abroad must also comport with the requirements of the Hague Service Convention, " 'a multilateral treaty that was formulated in 1964 by the Tenth Session of the Hague Conference of Private International Law ... [and] was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad.' " (*RTI, supra*, 9 Cal.5th at p. 135.)

2

It is uncontested that Seagate has never served Goel with a copy of the complaint or a summons. Further, Goel has never waived service of process or generally appeared in the litigation. Given these undisputed facts, the legal authorities discussed above compel us to conclude the judgment against Goel was void and the trial court properly set aside the judgment as to him.

Seagate argues service of process on Goel was unnecessary because he was the alter ego of eSys Distribution and the court indisputably had jurisdiction over eSys Distribution. We cannot accept Seagate's alter ego argument, which rests on circular and unsupportable reasoning. Without an initial assertion of jurisdiction over Goel—which could be established only through service of process, a waiver of service of process, or an appearance—due process principles precluded the trial court from deciding whether Goel was eSys Distribution's alter ego. In other words, jurisdiction needed to attach over Goel *before* the court could decide his alter ego status.

The case law supports our conclusion. For instance, in *Milrot v. Stamper Medical Corp.* (1996) 44 Cal.App.4th 182 (*Milrot*), the plaintiffs sued their employer, Stamper Medical Corporation, and obtained a judgment that

11

identified the judgment debtor as "Stamper Medical Corporation 'et al.' " (*Id.* at p. 184.)  A notice of appeal was filed on behalf of " 'Stamper Medical Corporation, doing business as Lindora Medical Clinic, and Marshall Stamper, M.D.' " (*Ibid.*)  Thereafter, the plaintiffs moved to "clarify" the judgment to specifically identify two judgment debtors—Stamper Medical Corporation and Dr. Stamper.  (*Ibid.*)  The trial court declined the plaintiffs' request to add Dr. Stamper as a judgment debtor, but it nonetheless amended the judgment to identify two separate judgment debtors—Stamper Medical Corporation and Lindora Medical Clinic, Inc. (Lindora).  (*Ibid.*)

On appeal, the *Milrot* court concluded the judgment against Lindora was void and reversed the order amending the judgment.  (*Milrot, supra*, 44 Cal.App.4th at p. 188.)  It reasoned that "[i]n order for the judgment against [Lindora] to be valid, the [trial] court must have had jurisdiction over [Lindora].  Normally jurisdiction is acquired by service.  Here, [Lindora] was never served" with the complaint.  (*Id.* at p. 186; see *id.* at p. 185 ["[Lindora] was never named as a defendant in any pleading and was never served in this action with either a complaint or the motion to amend the judgment."]; *id.* at p. 187 ["[Lindora] simply was not a party, was never served, was not a target of the postjudgment motion, was not served with the postjudgment motion"].)  As the *Milrot* court explained, a void judgment cannot "stand in the absence of jurisdiction simply on the suspicion that an alter ego … claim might be warranted."  (*Id.* at p. 188.)

*Hennessey's Tavern, Inc. v. American Air Filter Co.* (1988) 204 Cal.App.3d 1351 (*Hennessey's Tavern*) supports our conclusion as well.  There, the plaintiff sued defendants Air Filter and Elliott Air.  (*Id.* at pp. 1354–1355.)  Five years later, the plaintiff filed an amended complaint adding new causes of action and two new defendants—Allan Elliot and Air

12

Temperature Systems—who were alleged to be Elliott Air's alter egos. (*Id.* at p. 1355.) The new defendants were served with a summons and the amended complaint soon after it was filed. (*Ibid.*) However, the trial court granted the new defendants' motion to dismiss the amended complaint as time-barred under section 583.210, on grounds that they were not served within three years of the filing of the *original* complaint.[7] (*Id.* at pp. 1355–1356.)

The Court of Appeal reversed. (*Hennessey's Tavern, supra*, 204 Cal.App.3d at p. 1361.) It reasoned that "[w]hen a defendant is first named in an amended complaint, and is alleged to be the alter ego of a defendant named in the original complaint, he is brought into the action as a new defendant and the action is commenced as to him at the time the amended complaint naming him is filed." (*Id.* at p. 1359.) According to the court, "[i]t is necessary that the new defendant be named in the amended complaint and summons issued thereon, and that they be served upon him, in order for the court to acquire jurisdiction over him and he be afforded his due process rights to notice and the opportunity to be heard. This is true even though the alter ego defendant is considered to be identical with, i.e., the 'other self' of, the defendant named in the original complaint." (*Id.* at pp. 1359–1360.) Applying these principles, the court concluded "an alter ego defendant added as a new defendant in an amended complaint must be served with the amended complaint and summons thereon within three years after the filing of the amended complaint first naming such defendant." (*Id.* at p. 1360.)

As we read them, *Milrot* and *Hennessey's Tavern* stand for the proposition that, absent an appearance or a waiver of service of process, a

_____

[7] Section 583.210, subdivision (a) stated in pertinent part as follows: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. ... [A]n action is commenced at the time the complaint is filed."

court may exercise jurisdiction over an alter ego defendant only if he or she has been served with process in accordance with the statutory scheme governing service of process. (See also Ahart, Cal. Practice Guide: Enforcing Judgments & Debts (The Rutter Group 2021) ¶ 6:1575.1 ["The court must have jurisdiction over the judgment debtor's alter ego in order to enter a valid judgment against the alter ego. This is normally accomplished by service of process."].) We agree with this proposition. In our view, it is the only rule that is consistent with due process principles requiring an assertion of jurisdiction over a person prior to an adjudication of his or her rights.

Seagate's authorities do not suggest otherwise. Seagate relies primarily on four decisions—*Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.* (2002) 99 Cal.App.4th 228, *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, *Sheard v. Superior Court* (1974) 40 Cal.App.3d 207, and *Flynt Distributing Co. v. Harvey* (9th Cir. 1984) 734 F.2d 1389—to support its assertion that the court had jurisdiction over Goel based on his alleged status as an alter ego. These decisions are inapposite. As Goel correctly notes, the decisions addressed an issue not presented here—that is, whether alter egos' contacts with a forum state can be attributed to one another to assess whether a *basis* for jurisdiction exists. None of the decisions concern whether a court may assert jurisdiction over an alleged alter ego defendant that has never been formally served with process.

Seagate's other arguments also do not compel reversal. Seagate argues the court obtained jurisdiction over Goel because his alter ego relationship with eSys Distribution was "undisputed." But there is a logical explanation why Goel did not appear in court to dispute his alter ego status: Seagate never served him with the process necessary to ensure he had adequate notice and an opportunity to be heard in his defense. Surely, Goel was not

14

required to litigate his alter ego status in a proceeding in which he was not a party and for which he never received service of process. (See *Brue v. Shabaab* (2020) 54 Cal.App.5th 578, 586 ["a defendant's failure to appear does not forfeit an objection the court has no personal jurisdiction over it"].) Further, Seagate does not argue, and we do not discern from Goel's appellate brief or the appellate record, that Goel has ever *conceded* he was the alter ego of eSys Distribution. Given these facts, Seagate's characterization of Goel's alter ego status as undisputed is misleading. Goel has not admitted he was an alter ego of eSys Distribution or waived his right to dispute the allegation.

Next, Seagate contends jurisdiction attached over Goel because he was aware of the present action and yet chose not to participate in it. However, "[k]nowledge by a defendant of a plaintiff's action does not satisfy the requirement of adequate service of a summons and complaint." (*Renoir v. Redstar Corp.* (2004) 123 Cal.App.4th 1145, 1152; *Gorham, supra*, 186 Cal.App.4th at p. 1229 ["where it is shown that there has been a complete failure of service of process upon a defendant, he generally has no duty to take affirmative action to preserve his right to challenge the judgment or order even if he later obtains actual knowledge of it because '[w]hat is initially void is ever void and life may not be breathed into it by lapse of time' "].) Thus, whatever knowledge Goel had about the case did not dispense with Seagate's obligation to effect service of process on him.

Finally, Seagate argues that even if service of process is required when a plaintiff amends a complaint to add an alter ego defendant, or files a separate action against an alter ego defendant, it is unnecessary when a plaintiff moves to add an alter ego defendant as a judgment debtor under section 187. We disagree. The issue of alter ego status may be raised at many stages in a case, including in the pleadings, at trial, at a hearing to

15

determine a judgment debtor's identity, or in separate action against an alter ego. (*Hennessey's Tavern, supra*, 204 Cal.App.3d at p. 1358.) As this case illustrates, it can also be raised when a party seeks to amend the judgment and add an alter ego judgment debtor under section 187. (*Greenspan v. LADT, LLC* (2010) 191 Cal.App.4th 486, 508.)

But section 187 is simply a "procedural mechanism." (*McClellan v. Northridge Park Townhome Owners Ass'n, Inc.* (2001) 89 Cal.App.4th 746, 754.) It does not supplant the basic due process principle that a court must obtain jurisdiction over a person before it may render a binding judgment against that person. (See *Gorham, supra*, 186 Cal.App.4th at p. 1226 [" '[a] judgment is void for lack of jurisdiction of the person where there is no proper service of process on or appearance by a party to the proceedings' "]; *Yu v. Signet Bank/Virginia* (1999) 69 Cal.App.4th 1377, 1385 ["A judgment of a court lacking personal jurisdiction is a violation of due process, and it is null and void everywhere"].) Seagate offers no legal authority, and no persuasive argument, suggesting otherwise. Therefore, we reject Seagate's contention that it was excused from effecting service of process based on the particular procedural device it used to raise the issue of Goel's alleged alter ego status.

C

Goel has not waived service of process, generally appeared in the litigation, or been served with the complaint or a summons. Given these facts, we conclude the trial court properly found the judgment against Goel was void for lack of jurisdiction, set aside the judgment as to Goel, and vacated renewal of the judgment as to Goel. In light of our conclusion, it is

16

unnecessary for us to assess the remaining issues presented in the parties' appellate briefs.

IV

DISPOSITION

The order is affirmed.  Goel is entitled to his costs on appeal.


McCONNELL, P. J.

WE CONCUR:


GUERRERO, J.


DO, J.